## CHARLES KOURY v. CHICAGO GREAT WESTERN RAILROAD COMPANY and Others.[1]

February 27, 1914.

Nos. 18,400—(258).

**Negligence — evidence insufficient.**

A finding of negligence which rests wholly upon speculation and conjecture cannot be sustained. In this case there is no evidence tending to show what caused the happening of the accident and it comes within the above rule.

Action in the district court for Ramsey county to recover $5,000 for personal injuries received while in the employ of defendant Hoy

[1] Reported in 145 N. W. 786.

& Elzy Company. The case was tried before Kelly, J., who at the close of plaintiff's testimony denied separate motions of defendants to dismiss the action and at the close of the case granted the separate motions of defendants railway company and Dumbrowsky for a directed verdict in their favor, and denied the motion of Hoy & Elzy Co. for a directed verdict, and a jury which returned a verdict for $1,650 against defendant Hoy & Elzy Company. From an order denying defendant Hoy & Elzy Company's motions for judgment notwithstanding the verdict, for a new trial and to set aside the verdict in favor of the other defendants, it appealed. Order denying new trial reversed and other orders affirmed.

*Morton Barrows*, for appellant.

*O'Brien, Young & Stone* and *Briggs, Thygeson & Everall*, for respondents.

TAYLOR, C.

Plaintiff brought this suit against the Chicago Great Western Railroad Co., the Hoy & Elzy Co., Frank Dumbrowsky, and J. W. Souter to recover damages for personal injuries. The verdict was against the Hoy & Elzy Co. but in favor of all the other defendants. Thereupon the Hoy & Elzy Co. made a motion for judgment notwithstanding the verdict, and, if that should be denied, then for a new trial. They also made a motion to set aside and vacate the verdict in favor of the railroad company. All these motions were denied and they appealed.

The Hoy & Elzy Co. were engaged in constructing a roundhouse for defendant railroad company. A sidetrack extended past the roundhouse and material used in the work was received from cars placed thereon. At the time of the accident a long train of freight cars was standing upon this track, with the rear near the roundhouse. The two rear cars contained material for appellant, but were not located where it was convenient to unload them. The foreman directed plaintiff and some of his fellow workmen to move them to the desired position by means of pinch-bars. After placing the rear car in position, they returned and began moving the other. When they had moved it two or three feet, the train unexpectedly and with-

out warning moved back against it and plaintiff was injured. It is alleged in the complaint that an engine was run against the train suddenly and without warning, thereby driving it against the car, but no attempt was made to prove this charge. The court submitted to the jury the question as to whether appellant used ordinary care to furnish plaintiff a reasonably safe place in which to work. The only evidence in the case bearing upon this question is the bare fact that the train stood upon a side-track from which appellant had previously unloaded freight, and that when the car had been moved two or three feet, the rear of the train moved back against it without any warning being given. What caused these cars to move is left wholly in the field of conjecture. There is no evidence that the train was upon a grade, or that any engine was attached to it, or was in the vicinity of it. In fact there is not a word of evidence tending to suggest a cause for the movement. The bare fact appears that it took place; nothing more. Plaintiff concedes that the case does not come within the doctrine of *res ipsa loquitur*. In other words that the happening of the accident is not of itself sufficient to establish negligence. He insists, however, that appellant should have seen to it that the cars were not moved without first giving him timely warning. But it is not claimed that appellant or any of its employees had anything to do with causing the movement. Neither does it appear that they had any knowledge or notice that it was about to take place, or any reason to anticipate that it might occur. Had plaintiff shown that the movement resulted from some cause which appellant, in the exercise of reasonable care, could have foreseen, the rule invoked would be applicable. But it does not appear that the movement resulted from anything which appellant, by the highest degree of care, could have foreseen or guarded against. While a high degree of care is required on the part of the master, he is not an insurer of the safety of his employees, and, in order to fasten liability upon him, evidence must be presented from which it may reasonably be inferred that he was at fault. No such evidence was presented in this case. The happening of the accident is not sufficient, of itself, to establish liability, as plaintiff correctly concedes, and no other facts appear upon which a recovery can be based. A finding

of negligence cannot be sustained when it rests wholly upon speculation and conjecture. 2 Dunnell, Minn. Dig. §·7047, and cases cited in note 14. This is such a case.

2. There was no evidence tending to show negligence on the part of the railway company, and the record discloses no reason for disturbing the verdict in its favor. Plaintiff acquiesced therein and did not appeal, and the facts do not furnish any basis for complaint on the part of appellant.

The order denying appellant's motion for a new trial is reversed and a new trial granted. The other orders appealed from are affirmed.