SAID MALOOF v. CHICAGO GREAT WESTERN RAILROAD
COMPANY and Others.[1]

November 6, 1914.

Nos. 18,786—(45).

**Death by wrongful act — finding — evidence.**
In an action for personal injuries resulting in the death of plaintiff's in-
testate, it is *held* that the evidence justifies a finding that the defendant con-
struction company and its foreman negligently put the plaintiff's intestate
at work pushing a car which was being pinched out from one end of a string
of cars, without taking proper precaution for his safety, and that they were
properly found liable for his death, caused by being caught between the
bumper of the car he was pushing and the one next behind it, the movement
being caused by a switching crew running some cars into the rear of the
string of cars.

Action in the district court for Ramsey county by the adminis-
trator of the estate of Joseph Namie Hodge, deceased, to recover
$7,500 for the death of his intestate while in the employ of defendant
Hoy & Elzy Co. The case was tried before Olin B. Lewis, J., who
granted the motion of defendant Dumbrowsky and that of the
railroad company to dismiss the action as to them and denied mo-
tions of the other defendants to dismiss the action as to them, and
a jury which returned a verdict for $3,800 in favor of plaintiff.
From an order denying their motions for judgment notwithstanding
the verdict or for a new trial, defendants Hoy & Elzy Co. and J. W.
Souter appealed. Affirmed.

*Barrows, Stewart & Ordway,* for appellants.
*O'Brien, Young & Stone,* for respondent.

DIBELL, C.
Action to recover damages for the death of plaintiff's intestate.
The case was dismissed as to the defendant railroad company.

[1] Reported in 149 N. W. 284.

There was a verdict against the defendants Hoy & Elzy Co. and J. W. Souter. The defendants appeal from the order denying their alternative motion for judgment or a new trial.

The only question is whether the evidence sustains the verdict.

The deceased Hodge was in the employ of the defendant Hoy & Elzy Co. The defendant Souter was the company's foreman. The company was constructing a roundhouse for the defendant railroad company. About a quarter before seven on the morning of the accident Souter and a gang of men, which included Hodge, started to work. The railroad company had switched out a string of some 18 or 20 cars on the industry track near which was the roundhouse. The third car from the west end of the string of cars was for the defendant's use. The two at the west end were not. The defendant wanted to get the third car and spot it near the roundhouse. Under the direction of Souter the most westerly car was pinched some 40 or more feet west. Then under his direction the men started pinching the second car from the west, and had proceeded a few feet, Hodge pushing with his hands on the bumpers, when a switching crew which was working over at the east let some cars down against the string of cars causing them to move westerly a few feet. Hodge was caught between the bumpers of the second and third cars and was killed.

The jury might have found that Souter, when he directed the men to pinch out the cars, knew or should have known that the switching crew had not finished with this string of cars; that he knew or should have known that a switching crew might run cars against them, and that he negligently failed to make proper provision for the safety of the men engaged under his direction in spotting the car.

This brings the case within the general rule that the master must exercise reasonable care in furnishing a safe place of work for his servant and the particular application of it, which finds expression in the statement that where the master orders a servant into a place of danger to do specific work he owes him the affirmative duty of exercising reasonable care for his protection while there. Hess v. Adamant Mnfg. Co. 66 Minn. 79, 68 N. W. 774; Dizonno v. Great Northern Ry. Co. 103 Minn. 120, 114 N. W. 736; Lohman v.

127 M.—18.

Swift & Co. 105 Minn. 148, 117 N. W. 418; Aho v. Adriatic Mining Co. 117 Minn. 504, 136 N. W. 310, and cases cited; Nilsson v. Barnett & Record Co. 123 Minn. 308, 143 N. W. 789, and cases cited.

From the same accident arose the case of Koury v. Chicago Great Western R. Co. 125 Minn. 78, 145 N. W. 786. There the verdict was for the plaintiff. On appeal a new trial was granted. The case is now cited. It gives no help. In that case there was an entire absence of proof of the cause of the moving of the string of cars, or of knowledge in the defendants that a movement might occur. As stated in the opinion:

"What caused these cars to move is left wholly in the field of conjecture. * * * Neither does it appear that they (defendants) had any knowledge or notice that it was about to take place, or any reason to anticipate that it might occur."

The evidence sustains the verdict.

Order affirmed.